Porto Rican-American Tobacco Company, Peticionaria y Apelante, *v.* Juez Municipal de Río Piedras, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de San Juan, Distrito Segundo, en un recurso de *certiorari.*

No. 2907.—Resuelto en julio 26, 1923.

Embargo—Fianza—Procedimiento.—Una corte siempre puede tener control de sus propias diligencias y un medio radical para impugnar una fianza insu-

ficiente prestada para garantizar un embargo es mediante moción para anular el procedimiento al cual se supone que sostiene.

Id.—Id.—Id.—*Certiorari.*—La expedición o negativa a expedir un mandamiento de *certiorari* es, en gran parte, discrecional en la corte con jurisdicción para expedirlo; pero no puede expedirse cuando la actuación de la corte que se trata de revisar no infringe regla alguna de procedimiento, como en el caso de una resolución declarando nula y sin ningún valor una fianza prestada para garantizar un embargo.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. H. Torres Solá.*

Abogado de la parte contraria: *Sr. E. Díaz Viera.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

La apelante, The Porto Rican and American Tobacco Company, fué la parte demandante en la Corte Municipal de Río Piedras. Allí estableció una acción contra E. R. Torres y otros y obtuvo un aseguramiento de sentencia.

A moción de los demandados el Juez Municipal de Río Piedras resolvió que la fianza para garantizar el embargo era insuficiente y dejó sin efecto el referido embargo y ordenó que los bienes embargados fueran entregados a los demandados. Entonces la demandante solicitó y obtuvo la expedición de un auto de *certiorari* en la Corte de Distrito de San Juan. Después de celebrada la debida vista de dicho *certiorari* la referida corte de distrito anuló el auto.

La corte de distrito declaró que la fianza prestada para sostener el auto de *certiorari* era insuficiente (1): Porque no constaba que los fiadores poseían bienes muebles por el doble del valor del importe de la fianza; (2) que la certificación al calce de la fianza aparecía suscrita por "C. Rengel, Secretario," sin determinar qué clase de funcionario era "C. Rengel, o de donde era él Secretario, y (3) que asimismo la fianza no tenía una fecha ni ninguna indicación de haber sido considerada y aprobada por el juez municipal.

Sin hacer un señalamiento de error la apelante en su primera cuestión alega que la corte municipal carecía de jurisdicción para dejar sin efecto la fianza. La teoría de la apelante parece ser que como la corte municipal por virtud del artículo 14 de la Ley sobre Aseguramiento de Sentencias está en el deber de actuar inmediatamente, que por tal razón la corte municipal no tenía ningún control sobre sus propias diligencias, por lo menos para anular un embargo. Una corte siempre puede tener control de sus propias diligencias y un medio radical para impugnar una fianza insuficiente es mediante moción para anular el procedimiento al cual se supone que sostiene.

Hemos resuelto un número de veces y recientemente en el caso de *Marín* v. *Acosta, Juez,* 30 D. P. R. 26, que la expedición o negativa a expedir un mandamiento de *certiorari* es, en gran parte, discrecional en la corte que tiene derecho a expedirlo. No creemos que el auto de *certiorari* procede en absoluto toda vez que no ha habido ninguna verdadera infracción del procedimiento. Fué prestada una fianza y anulado un mandamiento de embargo pero según nuestra actual información nos sentimos obligados a resolver que una decisión por la cual se declara nula y sin ningún valor una fianza no infringe ninguna regla de procedimiento. Es más bien una conclusión substantiva hecha por la corte en cuestión.

La sentencia apelada debe confirmarse.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.